# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**SABRINA WINTERS MCCLAIN**                                            **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 4:22-cv-31-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                               **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The undersigned held a hearing on September 14, 2022 [16]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Statement of the Case

On March 10, 2020, Plaintiff filed for SSI under XVI and DIB under Title II of the Social Security Act and alleged a disability onset date of March 5, 2020. Tr. at 14. The application was denied initially and upon reconsideration. Tr. at 14. Plaintiff filed a timely request for a hearing. The Administrative Law Judge ("ALJ") held a hearing on June 8, 2021, and issued an unfavorable decision in this cause on June 25, 2021. Tr. at 14, 41-63. The Appeals Council denied Plaintiff's request for review on December 29, 2021, thereby making the ALJ's decision the final decision of

the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act. Tr. at 5-7.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of March 5, 2020. Tr. at 17, Finding 2. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: back disorder, osteoarthritis of the right great toe, right carpal tunnel syndrome, obesity, and depression (20 CFR 404.1520(c) and 416.920(c)). Tr. at 17, Finding 3. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Tr. at 17-20, Finding 4.

The ALJ then assessed Plaintiff's RFC and found that she retained the ability to perform light work except the claimant can frequently finger and feel with the right upper extremity. The claimant can never climb ladders, ropes, or scaffolds and can occasionally climb ramps and stairs as well as occasionally balance, stoop, kneel, crouch, and crawl. She is also able to perform simple, routine tasks. Tr. at 20, Finding 5.

At step four, the ALJ found that the Plaintiff could perform her past relevant work. She had past relevant work as a car hop/cashier, which she performed with no special accommodations. Tr. at 30, Finding 6.

At step five, the ALJ considered the vocational expert's testimony and found that given all of the factors present, the Plaintiff would be able to perform the requirements of representative occupations such as a bench assembler, inspector, and garment sorter, which are unskilled jobs performed at the light exertional level. Tr. at 31, Finding 6. Accordingly, the ALJ found Plaintiff not disabled and denied her application for period of disability and DIB. Tr. at 31.

**Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Discussion

Plaintiff raises two general arguments on appeal. First, that the ALJ erred in his analysis of the medical opinions of Brown, a therapist, and Goss, a nurse practitioner. Second, that the ALJ erred by failing to order a consultative examination, resulting in a record that was not adequately developed. Pl.'s Br. at 3. This Court takes these arguments in turn, and ultimately concludes that the ALJ did not err and substantial evidence supports the ALJ's opinion.

### I. Did the ALJ err with respect to his analysis of the medical opinions?

Plaintiff argues that the ALJ erred in his analysis of Brown and Goss because (1) he did not consider the factor of supportability as required by 20 C.F.R. § 404.1520c(a)-(c), 416.920(a)-(c) (2019); (2) it is "not apparent" that the ALJ considered all of his treatment visits to Brown; and (3) there are findings by Goss that support a more restrictive RFC than that adopted by the ALJ.

#### a. Brown Opinion

The ALJ found the opinion of Brown unpersuasive[1] because it was at odds with other reported evidence of Plaintiff's "good ability to understand, remember and carry out simple instructions and make simple work-related decisions." Tr. at 29. Also, in the ALJ's estimation, Brown's opinion was inconsistent with his own treatment notes and other evidence of record. Further, it was based on Plaintiff's subjective reports. Tr. at 29.

---

[1] Brown's May 2021 opinion was that Plaintiff has poor functional abilities in the following: ability to maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, demonstrate reliability, get along with coworkers, accept supervision, complete a normal workweek, maintain attention for two-hour segments, and respond appropriate to changes in work routine. *See* Tr. at 662-64.

Plaintiff argues that the ALJ failed to consider the factor of supportability in assessing Brown's opinion, as required by the regulation. Pl.'s Br. at 4.

In response, the Commissioner argues that the ALJ did in fact consider whether the evidence supported Brown's report, but simply used the term "inconsistency" to convey this analysis in lieu of "supportability." Def.'s Br. at 10. The Commissioner points out that an ALJ is not required to use magic words. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

I find the ALJ properly considered Brown's treatment notes and other evidence to decide that the opinion was inconsistent and lacking in support. As the ALJ points out, within Brown's assessments of Plaintiff, there is evidence that Plaintiff can "understand, remember and carry out short and simple instructions…[and] make simple work related decisions." Tr. at 663. The Plaintiff's concentration, attention span, recent memory, remote memory, abstract reasoning, judgment and insight, fund of knowledge, and estimate of intelligence were all within normal limits or average range. Tr. at 479. In the September assessment, Brown indicated that Plaintiff could follow work rules, relate to co-workers, use judgment, interact with supervisors, understand and carry out job instructions in varying complexities, and maintain personal appearance. Tr. at 492. In my view, all of this is inconsistent with Brown's opinion and as such does not support it. And, as for other evidence of lack of supportability, the ALJ points to the fact that Brown's opinion is based on the claimant's own subjective reports.

Finally, as for the claimant's suggestion that the ALJ may not have considered all of Brown's assessments of her, I find the same to be without merit. There is no persuasive evidence offered to advance that suggestion.

5

### b. Goss Opinion

The ALJ also found the opinion of Nurse Goss unpersuasive.[2] Tr. at 29. Plaintiff argues this was error because the ALJ's assessment of the medical evidence did not take into account the supportability factor, but I find, as with regard to Brown's opinion, the ALJ appropriately did so. As the ALJ points out, the records demonstrate normal range of motion of all joints except the right great toe, no acute distress, and no abnormalities of strength, tone, or reflexes. In addition, lumbar spine MRI shows only mild spondylosis and physical medical records reflect essentially mental status. Tr. at 29.

Plaintiff's further argument that the ALJ decision was incorrect because the medical records do contain findings that would support "a fundamentally more restrictive RFC than the one the ALJ assessed to Plaintiff" is misplaced. Pl.'s Br. at 6. Instead, the question is whether substantial evidence supports the RFC assigned by the ALJ. In this case, I find it does. In addition to many examples of the same cited by the ALJ, the ALJ also considered the medical opinions of state agency medical consultants who collectively found the plaintiff can perform a full range of medium exertion. *See* Tr. at 29, 60-77, 82-117. And, while the ALJ adopted a light RFC, these state agency medical opinions nevertheless provide support for the light RFC assigned by the ALJ.

Finally, as for Goss's notes directing Plaintiff to use assistive devices like a cane "if needed[,]" the same does not render the ALJ's light RFC without substantial support. Indeed, the ALJ points out events ranging from March 9, 2020, to April 27, 2021, where Plaintiff was often

---

[2] Goss found that Plaintiff "cannot lift/carry; stand/walk/sit less than two hours each; never stoop, crouch, or climb; would miss four or more day of work per month; and has poor mental functional abilities." Tr. at 29, 661-67.

able to walk, albeit with a limp, without an assistive device and was noted to have normal strength and tone and no swelling. Tr. at 27-28.

## II. Did the ALJ err by failing to order a consultative examination and thereby failing to adequately develop the record?

The plaintiff argues the ALJ erred in failing to order a consultative. Pl.'s Br. at 9-10. While it is true that the ALJ has a duty to fully and fairly develop the facts in a claim for benefits, *see Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001), the Commissioner retains discretion to order a consultative examination "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." 20 C.F.R. 404.1519a(b). The Commissioner's discretion is nevertheless limited where a claimant "raises the requisite suspicion" that such an examination is necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989). "Full inquiry does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the [ALJ] to make the disability decision." *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977).

Here, the plaintiff relies on the differences in opinion among the various medical opinions in this case to suggest that there is the necessary inconsistency and requisite suspicion for a consultative examination to be ordered. However, differences in medical opinion among various providers alone is not enough to limit the discretion afforded the Commissioner. Instead, as the ALJ himself explained, the record in this case was wholly sufficient for him to make a disability determination. As such, the ALJ was not required to order a consultative examination, and the court finds there is no reversible error with respect to the consultative examination.

**Conclusion**

For the reasons stated above, the Court finds that substantial evidence supports the ALJ's decision. Thus, the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 29th day of September, 2022.

/s/ Jane M. Virden
United States Magistrate Judge